UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ARRON SCOTT KING, | Case No. 15-CV-3313 (DWF/TNL) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| ANOKA COUNTY and KURT DUEL, | |
| Respondents. | |

---

This matter is before the undersigned United States Magistrate Judge on petitioner Arron Scott King's petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of King's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends dismissal of King's petition.

King was charged by the State of Minnesota with two counts of aiding and abetting second-degree burglary; the government alleged that King and an accomplice broke into two residences on the night of January 28, 2013. *See State v. King*, No. A14-0627, 2015 WL 404587, at *1 (Minn. Ct. App. Feb. 2, 2015). At trial, the government offered the testimony of King's alleged accomplice, Willie Darnell Guise, who testified that he and King had committed the two burglaries as alleged. *Id*. Several police officers, the victims of the burglaries, and two witnesses to one of the burglaries also testified on behalf of the prosecution. *Id*. After a four-day trial, a jury found King guilty of one of the burglaries, but it acquitted King

of the other. *Id*. at *2. At sentencing, the trial court determined that King qualified as a career offender under Minnesota law and sentenced him to a 102-month term of imprisonment.

King offered two arguments on appeal. First, under Minnesota law, "[a]ccomplice testimony must be corroborated by other evidence showing defendant's guilt, and such evidence 'is not sufficient if it merely shows the commission of the offense or the circumstances thereof.'" *Id*. (quoting Minn. Stat. § 634.04). King argued that Guise's testimony against him was not corroborated by other evidence tending to show his guilt. Second, Guise mentioned while testifying at trial that King "did some time in prison." *Id*. at *3 (emphasis omitted). King objected to this testimony, and the trial court sustained the objection, but Guise almost immediately thereafter again said that "I'm sorry. But he did some time." *Id*. (emphasis omitted). The trial court agreed with King that this testimony was prejudicial, but it did not grant King's motion for a mistrial, instead offering a curative instruction for the jury to ignore the stricken testimony. *Id*. King argued on appeal that the trial court's refusal to declare a mistrial violated state law.

The Minnesota Court of Appeals rejected both arguments. With respect to King's argument regarding his conviction being based only on accomplice testimony, the Minnesota Court of Appeals noted that substantial physical evidence and testimony from other witnesses also tended to confirm King's role in the burglary for which he was convicted. *Id*. at *2. With respect to King's argument regarding his motion for a mistrial, the Minnesota Court of Appeals determined that the trial court's denial of the motion comported with state law. *See id*. at *3 (citing *State v. McCurry*, 770 N.W.2d 553 (Minn. Ct. App. 2009)). Accordingly, King's conviction was affirmed. The Minnesota Supreme Court declined review.

King now seeks a writ of habeas corpus from this Court. In his habeas petition, King raises substantially the same claims that he raised on direct appeal in the state courts. *See* Petition at 5, 7 [ECF No. 1]. In addition, King also suggests two claims that were not raised in any way before the state courts. First, King suggests in his habeas petition that the jury's finding that he had committed one burglary, but not the other, was logically inconsistent. *Id*. at 7 ("How dose the jury find me guilty off Mr. Guise word only on two burglarys but one guilty one not guilty?" [Sic throughout]). Second, King asks whether *Blakely v. Washington*, 542 U.S. 296 (2004), prohibited the sentencing court from finding that he qualified as a career offender without a determination from the jury to that effect. *Id*. ("I also worked jobs from 2001 to 2006 so how is *Blakley* applyed in my situation?" [Sic throughout]).

It is not altogether clear that King intends to actually present these final two claims in his habeas petition. What is clear, however, is that he has not exhausted these claims in the state courts, as he did not raise either issue before the Minnesota Court of Appeals or in his petition for review with the Minnesota Supreme Court. A federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies for all of his claims. *See* 28 U.S.C. § 2254(b)-(c). To satisfy the exhaustion of state court remedies requirement, the prisoner must show that all of his federal constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process."). This requirement is explained by the United States Supreme Court as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted). "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999).

Neither of the final two grounds for relief suggested by King — that the jury's verdict was logically inconsistent and that the career-offender enhancement may have been imposed in violation of *Blakely* — were raised or even suggested before the Minnesota Court of Appeals or the Minnesota Supreme Court. If King's federal habeas petition is interpreted as raising these claims — and again, it is somewhat difficult to tell whether he *is* in fact raising these claims, due to the manner in which they are presented — the habeas petition would be a "mixed" habeas petition stating both exhausted and unexhausted claims.

Ordinarily, a district court must dismiss the entire mixed habeas petition without prejudice and allow the petitioner an opportunity to return to state court in order to exhaust the previously unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1983). In this case, however, the exhaustion question is moot. Even if the jury's finding that King committed one

burglary but not the other is contradictory,[1] "'inconsistent jury verdicts . . . are constitutionally permissible, and do not present a question for federal habeas review.'" *Davis v. Grandlienard*, No. 13-CV-2449 (DSD/JJK), 2015 WL 1522186, at *4 (D. Minn. Mar. 31, 2015) (quoting *Oakes v. Conway*, No. 10-CV-0318, 2011 WL 3236201, at *8 (W.D.N.Y. July 28, 2011)). King would not be entitled to relief on this claim regardless of whether he had first exhausted the claim in state court, even if he is correct that the jury's verdict is logically inconsistent. This claim may therefore be dismissed with prejudice.

With respect to the *Blakely* issue, King expressly waived his right to a finding by the jury as to whether he qualified as a career offender. *See* ECF No. 1-3 at 7. By waiving the issue, King is now precluded from presenting the question in state court in a petition for post-conviction review. *See State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976) ("[W]here direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief."). The claim is therefore procedurally defaulted.

Now turning to the claims presented both to the Minnesota Court of Appeals and in King's federal habeas petition:

First, King alleges that he was convicted only on the basis of Guise's testimony and that the Minnesota Court of Appeals erred in upholding a conviction based only on accomplice

---

[1] It is not obvious why King believes the jury's verdict to have been logically inconsistent. Based on the Minnesota Court of Appeals's recitation of the facts, the prosecution presented substantially more evidence regarding King's guilt as to one of the burglaries than the other. *See King*, 2015 WL 404587, at *1-2. If this is true, then it is perfectly reasonable that the jury was convinced beyond a reasonable doubt that King committed one of the burglaries but remained doubtful that he committed the second.

testimony.  This claim must be dismissed.  "[I]n habeas corpus proceedings, it is not within our province 'to reexamine state-court determinations on state-law questions.'"  *Johnston v. Luebbers*, 288 F.3d 1048, 1056 (8th Cir .2002) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).  In reviewing a petition for a writ of habeas corpus, this Court can correct only for errors that implicate federal constitutional rights.  *See* 28 U.S.C. § 2254(a).  "'[S]tate laws requiring corroboration do not implicate constitutional concerns that can be addressed on habeas review.'" *Davis*, 2015 WL 1522186, at *26 (quoting *Harrington v. Nix*, 983 F.2d 872, 874 (8th Cir. 1993)).  King's claim that he was convicted solely on the basis of Guise's testimony is simply not cognizable on federal habeas review.

Second, King alleges that the trial court erred in refusing to declare a mistrial.  King is unclear in his petition about the legal basis for this claim, but he presented this claim to the Minnesota courts entirely as a matter of state law.  *See* ECF No. 1-1 at 10; ECF No. 1-3 at 18-20.  At no point did King argue to the Minnesota Court of Appeals or the Minnesota Supreme Court that the trial court's refusal to declare a mistrial violated his *federal* constitutional rights.  Unsurprisingly, then, the Minnesota Court of Appeals analyzed the issue as one arising entirely under state law.  *See King*, 2015 WL 404587, at *3-4.

If King is now raising his *state law* claim of error, then that claim must be denied for the same reason that his claim regarding accomplice testimony must be denied; this Court can correct only errors of *federal law* on habeas review.  This Court, however, will assume that King is in fact attempting to raise a claim that the trial court violated his *federal* rights by refusing to declare a mistrial.  Because King did not raise this claim of federal-law error before the Minnesota courts, the claim must be denied for failure to exhaust state remedies.  Such a denial

should be entered without prejudice, in order to give King the opportunity to return to the state courts and present any putative errors of federal law.[2] In contrast, each of King's other claims should be denied with prejudice, either because the claims are not cognizable on habeas review, or because King will be unable to overcome his waiver and procedural default of those claims.

One final matter merits further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court would treat King's current habeas corpus petition differently than it is being treated here. King has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that King should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

---

[2]This Court believes it is likely that King will be foreclosed from raising this claim in a petition for post-conviction review in the state courts due to the operation of *Knaffla*. If so, then King has procedurally defaulted the claim as well, and he will be unable to return to federal court to pursue the claim. That said, this Court believes that the question of the effect of *Knaffla* on this particular claim should be left to the state courts in the first instance, and it therefore recommends that this claim be denied *without* prejudice.

1. Petitioner Arron Scot King's petition for a writ of habeas corpus [ECF No. 1] be DENIED, as follows:

   a. That the claim that the trial court violated King's federal constitutional rights by refusing to declare a mistrial after a witness offered testimony that King had been in prison be DENIED WITHOUT PREJUDICE.

   b. That all other claims be DENIED WITH PREJUDICE.

2. This action be DISMISSED.

3. No certificate of appealability be issued.

Dated: September  17 , 2015         *s/ Tony N. Leung*
                                    Tony N. Leung
                                    United States Magistrate Judge


### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.